IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

|  |  |
|---|---|
| MELINTA THERAPEUTICS, LLC, MELINTA SUBSIDIARY CORP., and REMPEX PHARMACEUTICALS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> NEXUS PHARMACEUTICALS, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) C.A. No. 1:21-cv-02636 <br><br> Judge John F. Kness |

**PLAINTIFFS' UNOPPOSED MOTION TO CONSOLIDATE**

Pursuant to Fed. R. Civ. P. Rule 42(a)(2) and Local Rule 40.4, Plaintiffs Melinta Therapeutics, LLC, Melinta Subsidiary Corp., and Rempex Pharmaceuticals, Inc. (collectively, "Plaintiffs") hereby move to consolidate this action with 21-cv-05995 (currently assigned to Judge Coleman) for all purposes. Both cases assert the same claims against Defendant Nexus Pharmaceuticals, Inc.'s ("Defendant") arising from Defendant's filing of an Abbreviated New Drug Application (ANDA) seeking to manufacture and market a generic version of Plaintiff's Minocin® product. As both actions involve the same parties, facts and legal issues, Plaintiffs seek consolidation of the matters. Defendant does not oppose the present motion.

**I.     BACKGROUND**

Plaintiffs market the pharmaceutical product Minocin® (minocycline) for injection, which is indicated in the treatment of certain bacterial infections. In December 2020, Defendant filed an ANDA containing a Paragraph IV certification with FDA seeking approval to market a generic version of Minocin® prior to expiration of Plaintiffs' patents. In response, Plaintiffs filed two

suits against Defendant. First, on May 13, 2021, Plaintiffs filed a complaint in the United States District Court for the District of New Jersey seeking a declaratory judgment that Defendant's delivery of its Paragraph IV notice letter was defective (Count 1) and asserting Defendant's ANDA infringes Plaintiffs' patents (Counts 2 & 3). *See Melinta Therapeutics LLC et al. v. Nexus Pharmaceuticals, Inc.*, Case No. 2:21-cv-11198-BRM-AME (D.N.J.). Second, the next day, on March 14, 2021, Plaintiffs' filed a nearly identical complaint in this Court resulting in the present action. Defendant filed its Answer in this case on June 1, 2021.

Defendant then moved to dismiss and/or transfer Plaintiff's New Jersey complaint. On November 5, 2021, the District of New Jersey granted in part Defendant's motion and transferred the New Jersey case to this Court. On November 9, 2021, that case was assigned Case No. 1:21-cv-05995 to Judge Guzman. The 05995 case was then reassigned to Judge Coleman on November 10, 2021. Currently, an initial status conference is set for December 3, 2021 in the 05995 case. *See* Exhibit 2.

In accordance with Local Rule 40.4(c), a copy of Plaintiffs' May 13, 2021, complaint in the transferred, higher-numbered docket is attached hereto as Exhibit 1.

**II. CONSOLIDATION IS PROPER AND WILL SAVE JUDICIAL RESOURCES**

Pursuant to Fed. R. Civ. P. 42(a)(2), a court may consolidate two actions before it that "involve a common question of law or fact." Likewise, this Court's Local Rules provide for reassignment if two cases are related and reassignment would save judicial time and effort. *See* Local Rule 40.4(a)-(b). As this case and the 05995 case are essentially identical and are at the same stage, consolidation is warranted.

2

### A.      The Cases Are Related Under Local Rule 40.4(a)

Under Local Rule 40.4(a), cases are related if any of the following conditions are met: "(1) the cases involve the same property; (2) the cases involve some of the same issues of fact or law; (3) the cases grow out of the same transaction or occurrence; or (4) in class action suits, one or more of the classes involved in the cases is or are the same." Local Rule 40.4(a).

There can be no dispute that the two cases are related, as they are for all practical purposes identical. Nevertheless, not one, but three independent conditions under Local Rule 40.4(a) exist here. First, both cases involve the same issues of fact and law – namely whether Defendant's proposed generic product infringes Plaintiffs' patents and whether Defendant's delivery of its Paragraph IV notice letter was defective. Second, both cases grow out of the same transaction: Defendant's filing of its ANDA and corresponding sending of its Paragraph IV notice letter. Lastly, both cases involve the same property, as Plaintiffs' assert infringement of the same two patents against Defendant in both actions.

### B.      Consolidation Would Be Useful Under Local Rule 40.4(b)

Local Rule 40.4(b) permits consolidation where it would be useful and efficient:

A case may be reassigned to the calendar of another judge if it is found to be related to an earlier-numbered case assigned to that judge and each of the following criteria is met:

(1) both cases are pending in this Court;
(2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort;
(3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and
(4) the cases are susceptible of disposition in a single proceeding.

Local Rule 40.4(b). The question of whether consolidation will be useful is a matter within the court's discretion. *See Blocker v. City of Chicago*, Case No. 09-cv-7052, 2011 WL 1004137, at *2 (N.D. Ill. Mar. 16, 2011).

3

Each of the above criteria favors consolidation. First, both cases are now pending in this Court, with the original New Jersey action having been transferred here and assigned to Judge Coleman. Second, the status of both cases is nearly identical, with fact discovery to date having proceeded in parallel, despite occurring in different jurisdictions. Similar to this Court's Local Patent Rules, the District of New Jersey has specific discovery requirements for patent cases, including early validity and infringement contentions, which the parties have exchanged. Moreover, the parties have already agreed to apply discovery across both cases. Accordingly, consolidation will not require any sort of "catch up" or cause any delay in either of the cases. Third, as the issues and counts are the same, the cases can be adjudicated in a single trial. Thus, finally, judicial economy plainly and heavily favors consolidation. Without consolidation, two different judges will have to preside over the same case. It is hard to envision anything more inefficient.

## III.  CONCLUSION

Because the two pending cases contain the same claims and issues and because consolidation will save judicial time and resources, Plaintiffs respectfully request that the Court grant Plaintiffs' unopposed motion for consolidation.

| | |
|---|---|
| November 23, 2021 | POLSINELLI PC |
| | |
| | /s/ Brian N. Anderson |
| OF COUNSEL: | Gary E. Hood (ARDC No. 6281580) |
| Dominick A. Conde | Mark T. Deming (ARDC No. 6299631) |
| Ha Kung Wong (admitted *pro hac vice*) | Brian N. Anderson (ARDC No. 6280794) |
| Damien N. Dombrowski (admitted *pro hac vice*) | 150 N. Riverside Plaza |
| | Suite 300 |
| Monica Chou (admitted *pro hac vice*) | Chicago, IL 60606 |
| VENABLE LLP | (312) 819-1900 |
| 1290 Avenue of the Americas | ghood@polsinelli.com |
| New York, NY 10104 | mdeming@polsinelli.com |
| (212) 218-2100 | bnanderson@polsinelli.com |
| | |
| *Attorneys for Plaintiffs Melinta Therapeutics, LLC, Melinta Subsidiary Corp., and Rempex Pharmaceuticals, Inc.* | *Attorneys for Plaintiffs Melinta Therapeutics, LLC, Melinta Subsidiary Corp., and Rempex Pharmaceuticals, Inc.* |

## CERTIFICATE OF SERVICE

The undersigned certifies that on November 23, 2021, he caused the foregoing **PLAINTIFFS' UNOPPOSED MOTION TO CONSOLIDATE** to be filed electronically with the Court's CM/ECF system. Notice of this filing will be sent to all parties and counsel of record by operation of the Court's CM/ECF system.

        /s/ Brian N. Anderson