# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

MELINTA THERAPEUTICS, LLC, MELINTA SUBSIDIARY CORP., and REMPEX PHARMACEUTICALS, INC.,

Plaintiffs,

v.

NEXUS PHARMACEUTICALS, INC.,

Defendant.

No. 21-cv-02636
Judge John F. Kness

## JUDGMENT IN A CIVIL CASE

Judgment is hereby entered (check appropriate box):

☐ in favor of Plaintiff(s) and against Defendant(s) which ☐ includes pre–judgment interest.
☐ does not include pre–judgment interest.

Post-judgment interest accrues on that amount at the rate provided by law from the date of this judgment.

Plaintiffs shall recover costs from Defendant.

☐ in favor of Defendant(s) and against Plaintiff(s)

Defendant(s) shall recover costs from plaintiff(s).

☒ other: in favor of Plaintiffs Melinta and against Defendant Nexus on Counts II and III of the Complaint and Counts I and II of the Counterclaim. The Court also enters a permanent injunction order, which is appended to this final judgment as Attachment A. Count I of the Complaint is dismissed as moot.

This action was *(check one)*:
☐ tried by a jury with Judge John F. Kness presiding, and the jury has rendered a verdict.
☒ tried by Judge John F. Kness without a jury and the above decision was reached.
☐ decided by Judge John F. Kness on a motion.

Date: November 15, 2024

JOHN F. KNESS
United States District Judge

# ATTACHMENT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MELINTA THERAPEUTICS, LLC, MELINTA SUBSIDIARY CORP, and REMPEX PHARMACEUTICALS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> NEXUS PHARMACEUTICALS, INC., <br><br> Defendant. | No. 21-cv-02636 <br><br> Judge John F. Kness |

**PERMANENT INJUNCTION ORDER**

Defendant has been found liable of induced and contributory infringement of Claims 1, 7, and 18 of Plaintiffs' Patent No. 9,084,802 and Claim 27 of Plaintiffs' Patent No. 9,278,105. Plaintiffs have proved direct, induced, and contributory infringement by a preponderance of the evidence. Defendant has failed to prove invalidity for obviousness, indefiniteness, lack of enablement, or lack of written description by clear and convincing evidence. For these reasons, the Court finds that permanent injunctive relief enjoining Defendant from manufacturing, using, offering for sale, or selling its ANDA product until the expiration of Plaintiffs' patents is appropriate. 35 U.S.C. §§ 271(a)–(c), (e).

    1.    Defendant's submission of the ANDA No. 214934 infringed the '802 Patent and the '105 Patent pursuant to 35 U.S.C. § 271(e)(2)(A);

    2.    The commercial manufacture, use, offer for sale, and / or sale of the ANDA product within the United States, and / or the importation of the ANDA

product into the United States, will infringe on the '802 Patent and the '105 Patent pursuant to 35 U.S.C. §§ 271(a)–(c).

3. Defendant and its affiliates, subsidiaries, officers, agents, attorneys, employees, and those acting in privity or concert with them are permanently enjoined from the manufacture, use, offer for sale, or sale within the United States, or importation into the United States, of Defendant's ANDA product until after the expiration of Plaintiffs' '802 Patent and '105 Patent, including any extensions and / or additional periods of exclusivity to which Plaintiffs are or become entitled;

4. The effective date of FDA approval of the ANDA product is a date that is no earlier than the expiration of the '802 Patent and the '105 Patent, including any extensions and / or additional periods of exclusivity to which Plaintiffs are or become entitled;

5. Claims 1, 7, and 18 of the '802 Patent are valid and enforceable;

6. Claim 27 of the '105 Patent is valid and enforceable; and

7. Plaintiffs are awarded money damages or any other appropriate relief if Defendant makes, uses, sells, or offers to sell its ANDA product within the United States, or imports its ANDA product into the United States, prior to the expiration of the '802 Patent and the '105 Patent, including any extensions and / or additional periods of exclusivity to which Plaintiffs are or become entitled.

SO ORDERED in No. 21-cv-02636.

Date: November 15, 2024

JOHN F. KNESS
United States District Judge